IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Fate Filyaw, | C/A No. 0:10-3045-JMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Angela L. Brown, DHO Officer and employee of the South Carolina Department of Corrections, | |
| Defendant. | |

The plaintiff, William Fate Filyaw, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that his constitutional rights were violated in connection with a prison disciplinary hearing and a resulting change in his custody status. He seeks money damages and injunctive relief. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319,

324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that while he was incarcerated at Turbeville Correctional Institution the disciplinary hearing officer, Defendant Angela L. Brown, violated his constitutional rights on November 2, 2010 during Plaintiff's disciplinary hearing. Plaintiff alleges that he was tried on November 2, 2010, for the charge of "8:11 possession of a weapon" and that Defendant Brown found him guilty of the charge. Plaintiff alleges that he had a counsel substitute to assist him during the hearing and also that Lieutenant Shawn Fulton and Officer Conners testified at the hearing. Plaintiff alleges that he had received an incident report, but that the officers' testimony at the hearing was different than what the incident report stated. Plaintiff explains that his counsel substitute argued in Plaintiff's defense that Plaintiff was given permission by an officer to enter the yard with a knife and that B-Building had been notified that Plaintiff would be standing at the mail room. Plaintiff

alleges that he took a knife "on the yard to the mail room line and wait for B-Building personal [*sic*] to assitt [*sic*] me." Plaintiff alleges that Officer Conners had given him permission to take the knife into the yard and that Officer Conners admitted that he allowed Plaintiff to do that. Officer Conners allegedly admitted that he notified B-Building personnel to let them know that Plaintiff would arrive at the mail room with a knife, and Officer Conners allegedly admitted that he was wrong.

During the disciplinary hearing, allegedly Plaintiff was told by Defendant Brown "to be quiet and not to ask him [Officer Conners] this or that." Plaintiff alleges that Defendant Brown "kept yelling" at Plaintiff which caused him to feel intimidated and that he had to be quiet or Defendant would hold it against him. Plaintiff also alleges that Defendant "kept interrupting" Plaintiff's counsel substitute during the questioning of Officer Conners and that she did not permit Plaintiff to fully explain his position. Allegedly, Defendant tried to "hurry up the hearing." Defendant allegedly "was not very professional about how things went on and how she kept raising her voice." Plaintiff states, "I feel like my rights were violated and I was treated unfairley [*sic*]."

Plaintiff requests that his sanctions be reversed and that the disciplinary conviction be expunged from his record. Plaintiff seeks money damages for his pain and suffering and emotional distress. Plaintiff explained that Defendant took sixty (60) days good time credits so his sentence will be extended from December 1, 2010 (his alleged "max out" date), to February 1, 2011, and Plaintiff seeks around $75.00 for each additional day that he will be required to serve in prison. Plaintiff requests several kinds of injunctive relief from this court, including requests to overturn Defendant's finding that Plaintiff was guilty, expunge Plaintiff's disciplinary record, and remove Defendant from her employment position.

Additionally, on December 2, 2010, Plaintiff submitted an Amended Complaint[2] which alleges that he is wrongfully about to be shipped from Turbeville Correctional Institution to another prison.[3]  Plaintiff alleges that his "custody level dropped from MI2 to ME2" as a result of the November 2, 2010, disciplinary conviction.  He alleges that,

> They never waited on my Step 1 appeal grievance.  They just went ahead and ME2 me. ... [T]hey are not giving me time for my Step 1 appeal to come back before they break my custody level.  Usually before they break a (sic) inmates custody level they wait on Step 1 appeal to come back denied.

Plaintiff also alleges that his custody level was changed because some unspecified SCDC official knows that he filed a lawsuit and someone is trying to discriminate or retaliate against Plaintiff.

## DISCUSSION

The Heck v. Humphrey, 512 U.S. 477 (1994), rule is that a prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,'" unless the prisoner can prove that the conviction or sentence has previously been invalidated.  Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477 (1994)); see also Wallace v. Kato, 549 U.S. 384 (2007) (noting that the Heck rule rests "upon 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'").  Here, Plaintiff seeks money damages, possibly sixty days of restored good time credit, and that his November 2, 2010, disciplinary conviction

---

[2] Plaintiff's Complaint, Amended Complaint, and completed signature page have been consolidated into one pleading, the Amended Complaint.  (ECF No. 5.)

[3] At the time he instituted this action, it appears that Plaintiff was incarcerated at Evans Correctional Institution.  However, as of the date of this Report and Recommendation, it appears that Plaintiff is housed at the Darlington County Detention Center.


of "8:11 possession of a weapon" be expunged from his record. Thus, in addition to damages, Plaintiff is directly requesting that this court invalidate his disciplinary conviction. However, the Heck v. Humphrey rule does apply to disciplinary convictions, and here Plaintiff does not allege that his disciplinary conviction has already been invalidated because, of course, he requests this Court to invalidate it. See Edwards, 520 U.S. at 648-49. Thus, Plaintiff's claims are not cognizable pursuant to § 1983 because his disciplinary conviction has not been invalidated. See id.; Heck, 512 U.S. 477. Additionally, if Plaintiff is bringing this § 1983 action seeking to shorten the duration of his sentence, such relief is not cognizable in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus). Therefore, Plaintiff is barred from bringing this § 1983 action at this point.[4]

Furthermore, Plaintiff's allegation that someone wrongfully changed his custody classification to ME2 without waiting for Plaintiff's prison grievance appeal to be denied also fails to state a cognizable § 1983 claim.[5] There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the

---

[4] If Plaintiff desires to bring a habeas action seeking to invalidate his disciplinary conviction, Plaintiff must file a new habeas lawsuit with this court after Plaintiff exhausts his state remedies.

[5] Although Jones v. Bock, 549 U.S. 199 (2007), held that inmates are not required to specially plead or demonstrate exhaustion in their complaints, Plaintiff's allegations indicate that Plaintiff may not have fully exhausted his claim through the prison administrative process. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

state prison system"); McKune v. Lile, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); Slezak v. Evatt, 21 F.3d 590, 594, 595 (4th Cir. 1994) (holding that "the security and custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints" and further that there is no state-created liberty interest in such classifications in South Carolina).

To the extent that Plaintiff's Amended Complaint may be construed as raising a retaliation claim, Plaintiff has failed to allege specific facts to support this claim; conclusory allegations of retaliation are insufficient. See Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994) (holding that bare assertions of retaliation do not establish a claim of constitutional dimension and observing that "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct"); see also Iqbal, 129 S. Ct. at 1953. Further, the Fourth Circuit has made clear that a prisoner claiming retaliation must allege sufficient facts to indicate that the alleged retaliation resulted in some adverse impact to his right of access to the courts, which Plaintiff has not done. See Am. Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993); Talbert v. Hinkle, 961 F. Supp. 904, 911 (E.D. Va.1997). Finally, Plaintiff's request that this Court "remove" Defendant from her position of disciplinary hearing officer is not relief that this Court may grant. See Maxton v. Johnson, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980) (noting that "federal courts lack the authority to remove or reassign state employees.").

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.  See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 9, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).